IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| THORNELL JOHNSON, | * | |
| Plaintiff, | * | Case No. |
| v. | * | |
| NATIONSTAR MORTGAGE, LLC, | * | Removed from the Circuit Court For Prince George's County, Maryland |
| Defendant. | * | Case No. CAL–14–18077 |
| | * | |

\* \* \* \* \* \* \* \* \* \* \*

## NOTICE OF REMOVAL

Defendant Nationstar Mortgage, LLC ("Nationstar"), by and through its undersigned attorney and pursuant to 28 U.S.C. §§ 1332, 1367, 1441, and 1446, files this Notice of Removal from the Circuit Court for Prince George's County, Maryland to the United States District Court for the District of Maryland, which has subject matter jurisdiction over this action under 28 U.S.C. § 1332. In support of this Notice of Removal, Nationstar states as follows:

## I.    BACKGROUND

1.      On or about July 22, 2014, Plaintiffs filed this Complaint against Nationstar in the Circuit Court for Prince George's County, Maryland, Case No. CAL–14–18077 (the "State Court Action"), and pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders filed are attached collectively as **Exhibit A**.

2.      The Complaint is based on alleged events related to a parcel of residential property located at 17205 Summerwood Lane, Accokeek, Maryland 20607 (the "Property"). In his Complaint, Plaintiff asserts claims for: (1) "wrongful denial of HAMP loan modification"; (2) violation of the Maryland Consumer Protection Act; and (3) constructive fraud. (*See generally* Compl.)   Plaintiff seeks compensatory damages in an amount "not less than

$100,000[.00]," punitive damages "in the amount $500,000.00," attorney's fees, costs, and an injunction prohibiting Nationstar from conducting a foreclosure sale of the Property. (*See generally* Compl.)

## II.   REMOVAL PROCEDURES

3.      28 U.S.C. § 1441(a) provides, in pertinent part, as follows:

Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

4.      Venue is appropriate in this Court, and Nationstar seeks to remove this case to the United States District Court for the District of Maryland pursuant to 28 U.S.C. § 1441(a). The Circuit Court of Prince George's County, Maryland is located within this District, and cases arising in the Circuit Court of Prince George's County, Maryland are properly assigned to this Court. *See* 28 U.S.C. § 100(1).

5.      This removal is filed on behalf of Nationstar.

6.      Written notice of the filing of this Notice of Removal will be served upon the Plaintiff.

7.      In accordance with 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal, without exhibits, is being filed contemporaneously with the Clerk of the Circuit Court for Prince George's County, Maryland and served upon all parties of record. (A copy of the Notice of Filing of Removal for this matter is attached hereto as **Exhibit B**.)

8.      This Notice of Removal is timely filed within thirty (30) days of service pursuant to 28 U.S.C. § 1446. Nationstar was first served the Complaint and the corresponding summons

on July 22, 2014. This Notice of Removal is filed within thirty (30) days of service. The thirty-day period ends on August 21, 2014.

9.      In filing this Notice of Removal, Nationstar does not waive, and specifically reserves, any and all objections as to service, personal jurisdiction, defenses, exceptions, rights, and motions. No statement herein or omission shall be deemed to constitute an admission by Nationstar of any of the allegations of, or damages sought in, the Complaint.

## III.   REMOVAL BASED ON DIVERSITY JURISDICTION

10.     This Court has jurisdiction over this action under 28 U.S.C. § 1332, which provides that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between – (1) citizens of different States." 28 U.S.C. § 1332.

11.     Pursuant to 28 U.S.C. § 1441(b), "[a]ny other such actions shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

12.     Plaintiff is a resident of Maryland. (Compl. ¶ 3.)

13.     Nationstar is a limited liability company organized and existing under the laws of Delaware with its principal place of business located in Lewisville, Texas. The managing members of Nationstar are also domiciled in Lewisville, Texas. Thus, Nationstar is considered a citizen of both Delaware and Texas for diversity of citizenship purposes. *Carden v. Arkoma Assoc.*, 494 U.S. 185, 187 (1990); *Gen. Teck Applications, Inc. v. Exro Ltda.*, 388 F.3d 114, 120 (4th Cir. 2004); *JBG/JER Shady Grove, LLC v. Eastman Kodak Co.*, 127 F.Supp.2d 700, 701 (D.Md. 2001).

14.     Therefore, there is complete diversity of citizenship between the parties.

15.     Moreover, Plaintiff seeks compensatory damages in an amount "not less than $100,000[.00]," punitive damages "in the amount $500,000.00," attorney's fees, and costs. Consequently, the plain language of the Complaint reveals that the amount in controversy exceeds $75,000.00.

16.     Plaintiff also seeks declaratory and injunctive relief preventing Nationstar from conducting a foreclosure sale of the Property. (*See generally* Compl.) "[In] actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of litigation." *Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 347 (1977). "The amount in controversy can be measured by either party's loss." *Id.* (citing *Government Employees Ins. Co. v. Lally*, 327 F.2d 568, 569 (4th Cir. 1964)). Further, the amount in controversy includes the value of the loan. *See Winnell v. HSBC Mort. Servs.*, 2011 WL 5118805, *2 (S.D. W. Va. Oct. 28, 2011) (holding that the amount in controversy met the jurisdictional minimum because "[i]f HSBC is unable to enforce the loan, it stands to lose at least the outstanding balance of the loan. The value of the requested injunction, therefore, is the outstanding balance of the loan—$85,359.95").

17.     The current amount outstanding on the loan is $568,825.09, and therefore, the value of the object in litigation, the loan secured by the Property, and Nationstar's potential loss if the Court grants Plaintiff the relief requested in his Complaint are all greater than $75,000.00.

18.     Since the amount in controversy exceeds $75,000.00 – and since there is complete diversity of citizenship between the parties – this Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332.

19.     Nationstar is the only party defendant in this action and therefore does not require the consent of any other parties concerning this Notice of Removal.

## IV.   CONCLUSION

WHEREFORE, Nationstar respectfully requests the above-captioned action now pending in the Circuit Court for Prince George's County, Maryland, be removed to the United States District Court for the District of Maryland, and that the United States District Court assume jurisdiction of this action and enter such other and further orders as may be necessary to accomplish the requested removal and promote the ends of justice.


Date:   August 21, 2014                          Respectfully submitted,

                                                 _____
                                                 Craig R. Haughton (Federal Bar No. 28585)
                                                 **McGuireWoods LLP**
                                                 7 Saint Paul Street, Suite 1000
                                                 Baltimore, Maryland 21202
                                                 (410) 659–4404
                                                 (410) 659–4472 (Fax)
                                                 chaughton@mcguirewoods.com

                                                 *Counsel for Defendant Nationstar Mortgage, LLC*


## CERTIFICATE OF SERVICE

I hereby certify that on August 21, 2014, a copy of the foregoing Notice of Removal was served via first-class mail, postage prepaid, or through the CM/ECF system on the following:

> Dmitry D. Balannik, Esq.
> Touchstone Law Firm, LLC
> 715 Rolling Fields Way
> Rockville, MD  20850
> *Counsel for Plaintiff Thornell Johnson*


                                                 _____
                                                 Craig R. Haughton