## IN THE CIRCUIT COURT FOR PRINCE GEORGES COUNTY, MARYLAND

| | |
|---|---|
| **Thornell Johnson** <br> 17205 Summerwood Lane <br> Accokeek, MD 20607 <br>        **Plaintiff** <br><br> v. <br><br> **Nationstar Mortgage, LLC** <br><br> Serve On <br> **CSC-LAWYERS INCORPORATING** <br> **SERVICE COMPANY** <br> **7 ST. PAUL STREET, SUITE 1660** <br> **BALTIMORE, MD 21202** <br><br>        **Defendant** | Case Number: |

## COMPLAINT

COMES NOW, **THORNELL JOHNSON**, (the "Plaintiff"), by and through his attorney, Dmitry Balannik of Touchstone Law Firm, hereby moves this Honorable Court for judgment against the Defendant, **Nationstar Mortgage, LLC.**, and as grounds states the following:

### I. INTRODUCTION, PARTIES AND JURISDICTION

1. This case arises from the wrongful denial of Plaintiff's request for loan modification by Defendant under the Home Affordable Modification Program ("HAMP").

1

2. The Defendant is a corporation engaged in the business of servicing of residential mortgages throughout the United States. The Defendant's headquarters are located in Wilmington, Delaware.

3. The Plaintiff, Thornell Johnson, is a resident of Montgomery County, Maryland. He resides at 17205 Summerwood Lane, Accokeek, MD 20607.

4. Jurisdiction and venue are proper in this Court in that the Plaintiff is a resident of Montgomery County, Maryland and the property that is the subject matter of this action is located in Montgomery County, Maryland.

## II. CLAIMS FOR RELIEF AND DAMAGES

### COUNT I

(Wrongful Denial of HAMP Loan Modification)

5. The Plaintiff incorporates the foregoing paragraphs.

6. The property that is the subject matter of this complaint, located at 17205 Summerwood Lane, Accokeek, MD 20607 is the primary residence of the Plaintiff.

7. On April 30, 2007, the Plaintiff executed a Note for a total loan amount of $558,714.00 for 30 years at a yearly interest rate of 7.700% percent.

8. Initially, Plaintiff was able to make his monthly mortgage payments of $3,759.58 and meet his monthly mortgage obligations.

9. As a result of a divorce, his monthly income was substantially reduced.

10. As a result of these financial hardships, the Plaintiff requested and applied for a HAMP loan modification.

11. The U.S. Department of Treasury established HAMP pursuant to section 101 and 109 of the Emergency Economic Stabilization Act of 2008, as section 109 of the Act has been amended by section 7002 of the American Recovery and Reinvestment Act of 2009. HAMP is designed to assist borrowers to avoid foreclosure by establishing a program to modify certain first lien mortgage loans secured by their primary residences.

12. The Defendant is the servicer of the Plaintiff's first mortgage loan. The Defendant is a participating servicer in HAMP as well as the following programs: Treasury FHA-HAMP, 2MP, FHA-2LP, RD-HAMP.

13. According to HAMP Guidelines that outline eligibility requirements, an applicant is eligible for HAMP if the following five general criteria are met:
    a. The home is the applicant's primary address;
    b. The amount owned on the first mortgage must be equal to or less than $729,750;

1

    c. A homeowner must be delinquent in making payment, or default is imminent due to the nature of homeowner's hardship;

    d. The mortgage originated before January 1, 2009; and

    e. The payment is more than 31% of the homeowner's gross monthly income.

14. Under the HAMP servicer guidelines, the servicer is explicitly prohibited from demanding a prepayment and/or a fee and/or a payment of any kind in order to accept and process a debtor's request for a mortgage

15. The HAMP Guidelines impose an obligation on Defendant to evaluate Plaintiff's loan under HAMP to determine whether he qualifies for a loan modification or other foreclosure prevention alternative prior to selling the home at a foreclosure sale.

16. Plaintiff requested assistance under HAMP, repeatedly, during the course of 2009 and 2010.

17. The Plaintiff, on several occasions, in 2009 and 2010, completed applications for HAMP modification and forwarded said applications to the Defendants.

18. The Defendants, in turn, refused to accept the Plaintiff's HAMP applications and requested that he must come up with a "sizable down payment" in order to become eligible for a modification.

19. Just in 2010, the Plaintiff was informed on at least 6 occasions that his HAMP application would not be reviews unless he makes a "substantial payment."

20. Thus, these illegal acts of the Defendants caused the Plaintiff's mortgage loan arrears to skyrocket

21. The Plaintiff meets all of the requirements under HAMP for a loan modification and the Defendant does not have any basis for denying his application.

WHEREFORE, the Plaintiff, Thornell Johnson, prays for a judgment in favor of Plaintiff and against the Defendant, and asks this Court to:

    f. Declare that Defendant's conduct is a violation of Home Affordable Modification Program;

    g. Order that the Defendant conduct a timely, fair and accurate review of Plaintiff's loan modification application;

    h. Grant the Plaintiff relief he is entitled to under the Home Affordable Modification Program in an amount to be determined at trial but not less than $100,000;

    i. Order appropriate injunctive relief to prevent further violations of law, including a preliminary and permanent injunction on any foreclosure actions currently pending or to be instituted against the Plaintiff;

    j. All costs and attorneys' fees incurred by Plaintiff that pertains to this matter; and

    k. Such other and further relief, including equitable relief, as the Court deems just and appropriate.

## **COUNT II**

(Violation of Maryland Consumer Protection Act)

22. The Plaintiff incorporates the foregoing paragraphs.

23. Maryland's Consumer Protection Act, § 13-301 MD. COM. LAW ART., *et seq.* ("MCPA") governs the relationship between the Defendant and the Plaintiff. MCPA protects homeowners from unfair and deceptive practices in dealing with merchants, specifically, MCPA was enacted to provide a "strong protective and preventive steps to investigate unlawful consumer practices, to assist the public in obtaining relief from these practices, and to prevent these practices from occurring in Maryland. Md Ann. Code., Comm. Law. § 13-102 (b)(3).

24. Md Ann. Code., Comm. Law. § 13-101 (d) provides:

> Consumer credit", "consumer debts", "consumer goods", "consumer realty", and "consumer services" mean, respectively, credit, debts or obligations, goods, real property, and services which are primarily for personal, household, family, or agricultural purposes.

25. The Plaintiff is a "consumer" as the loan she obtained from the Defendant primarily for personal, household or family purposes.

26. Md Ann. Code., Comm. Law. § 13-101 (g) provides:

> Merchant" means a person who directly or indirectly either offers or makes available to consumers any consumer goods, consumer services, consumer realty, or consumer credit.

27. The Defendant is a merchant as its primary business is to service residential loan mortgages.

28. The Defendant has committed unfair or deceptive trade practices by: (i) Making a false or misleading oral or written statement(s) or other

4

representation of any kind which had the capacity, tendency, or effect of deceiving or misleading the Plaintiff; and (ii) failing to state a material fact and the failure deceived or tended to deceive the Plaintiffs and class members.

29. As a participating servicer in HAMP, the Defendant is required to consider the Plaintiff's application for loan modification. Plaintiff provided all of the documents requested by the Defendant in accordance with HAMP guidelines and met all of the eligibility requirements.

30. Despite meeting all of the eligibility requirements, the Defendant denied to review the Plaintiff's HAMP application and requested that the Plaintiff provide a "substantial payment" in order to review the Plaintiff's HAMP application..

31. The Plaintiff has been damaged by the Defendant's false and misleading statements. He failed to receive a loan modification on his primary residence despite timely submission of required documentation and is now facing a foreclosure action in a situation which could have been avoided but for Defendant's deceptive and unfair practices. The Plaintiff has been further damaged by the emotional distress that has manifested itself through stress, sleeplessness, anxiety, and in other physical manifestations as a result of the Defendant's actions.

32. WHEREFORE, the Plaintiff, Thornell Johnson, prays for a judgment in favor of Plaintiff and against the Defendant, and asks this Court to:

    a. Declare that Defendant's conduct is a violation of the Maryland Consumer Protection Act;

    b. Order that the Defendant conduct a timely, fair and accurate review of Plaintiff's loan modification application;

    c. Grant the Plaintiff relief she is entitled to under the Maryland Consumer Protection Act, including compensatory damages in an amount to be determined at trial but not less than $100,000;

    d. Order appropriate injunctive relief to prevent further violations of law, including a preliminary and permanent injunction on any foreclosure actions currently pending or to be instituted against the Plaintiff;

    e. All costs and attorneys' fees incurred by Plaintiff that pertains to this matter; and

    f. Such other and further relief, including equitable relief, as the Court deems just and appropriate.

## COUNT IV

(Constructive Fraud)

33. The Plaintiff incorporates the foregoing paragraphs.

34. Upon agreeing to service the Plaintiff loan and as a participating servicer in HAMP, Defendant had a legal and equitable duty to provide the Plaintiff with residential mortgage services, including a loan modification.

35. The Defendant had a duty to conduct a fair and accurate review of Plaintiff's loan modification application.

36. The Defendant breached its duties to the Plaintiff by providing the Plaintiff misinformation with respect to the payments that are needed to review the HAMP application and failing to timely consider his HAMP application.

37. Despite the fact that the Plaintiff meets all of the HAMP guidelines for a loan modification, the Defendant denied his application, illegally.

38. The Defendant did not consider the loan modification in a fair and just manner, even though the Plaintiff complied with all of the provisions and guidelines of the HAMP program, including providing all of the documentation requested and making timely payments by the Defendant.

39. The Plaintiff was deceived into believing that a payment is needed for his application to be reviewed.

40. The Defendant's conduct violates public interest, as the purpose of HAMP is to assist borrowers who are experiencing financial distress, such as the Plaintiff, by imposing an obligation on the lenders to evaluate and consider a loan modification as an alternative to foreclosure.

WHEREFORE, the Plaintiff, Thornell Johnson, prays for a judgment in favor of Plaintiff and against the Defendant and asks this Court:

 a. Grant a judgment in the amount of $100,000, plus consequential damages and costs, punitive damages in the amount of $500,000.00;

 b. Order that the Defendant conduct a timely, fair and accurate review of Plaintiff's loan modification application;

c. Order appropriate injunctive relief to prevent further violations of law, including a preliminary and permanent injunction on any foreclosure actions currently pending or to be instituted against the Plaintiff;

d. All costs and attorneys' fees incurred by Plaintiff that pertains to this matter; and

e. Such other and further relief, including equitable relief, as the Court deems just and appropriate.

Respectfully Submitted,

Dmitry D. Balannik, Esq.
Touchstone Law Firm, LLC
715 Rolling Fields Way
Rockville, MD 20850
Tel. (240) 506-6850
dbalannik@touchlaw.net
www.touchlaw.net

*Attorney for Plaintiff*