IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

|  |  |  |
|---|---|---|
| THORNELL JOHNSON | * | |
| | * | |
| Plaintiff, | * | |
| v. | | Case No.: GJH-14-02536 |
| | * | |
| NATIONSTAR MORTGAGE, LLC | * | |
| | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

This case arises from the denial of Plaintiff Thornell Johnson's request for a mortgage loan modification by Defendant Nationstar Mortgage, LLC ("Defendant") – the servicer of Plaintiff's mortgage loan.  *See* ECF No. 2 at ¶ 1. This Memorandum and accompanying Order address Defendant's Motion to Dismiss, ECF No. 6, and supporting memorandum, ECF No. 6-1; as well as Plaintiff's opposition thereto, ECF No. 9. The Court finds that a hearing is unnecessary in this case. *See* Local Rule 105.6. For the reasons stated below, Defendant's Motion to Dismiss is GRANTED.

**I.     BACKGROUND**

On April 30, 2007, Plaintiff executed a note for a mortgage loan in the amount of $558,714.00 for thirty (30) years at an annual interest rate of 7.7%. *See* ECF No. 2 at ¶ 7. Within a few years of executing the note, Plaintiff experienced financial hardship. *Id.* at ¶ 9. As a result, Plaintiff applied several times for a loan modification under the government's Home Affordable

Modification Program ("HAMP"), which was designed to assist borrowers to avoid foreclosure by establishing a program to modify certain first lien mortgage loans secured by their primary residences. *Id.* at ¶¶ 10, 11. Although the exact dates of Plaintiff's applications are unclear from the complaint, it appears as though Plaintiff submitted several applications for HAMP modifications to Defendant in 2009 and 2010. *Id.* at ¶ 17. In 2010, Plaintiff was informed on "at least 6 occasions" that his HAMP applications would not be reviewed unless he made a "substantial payment" on his loan. *Id.* at ¶ 19. Plaintiff contends that these denials of his loan modification requests were unlawful and caused his mortgage loan arrears to "skyrocket." *Id.* at ¶¶ 20, 21. Plaintiff therefore filed suit in the Circuit Court for Prince George's County against Defendant alleging wrongful denial of HAMP loan modification (Count I), violation of Maryland Consumer Protection Act (Count II), and constructive fraud (Count III).[1] *See id.* After removing that action to this Court on August 21, 2014 (*see* ECF No. 1), Defendant filed a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *See* ECF No. 6. For the reasons discussed below, the Court will grant Defendant's motion.

## II.  STANDARD OF REVIEW

The purpose of a motion to dismiss is to test the sufficiency of the plaintiff's complaint. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). The U.S. Supreme Court has recently clarified the standard applicable to Rule 12(b)(6) motions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). These cases make clear that Rule 8 "requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 556 n. 3 (quoting Fed.R.Civ.P. 8(a)(2)). This showing must consist of at least "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

---

[1] Plaintiff's complaint erroneously refers to the constructive fraud claim as Count IV.

In deciding a motion to dismiss, the Court should first review the complaint to determine which pleadings are entitled to the assumption of truth. *See Iqbal*, 556 U.S. at 678-79. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. at 679. In so doing, the Court must construe all factual allegations in the light most favorable to the plaintiff. *See Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999). The Court need not, however, accept unsupported legal allegations, *Revene v. Charles County Commissioners*, 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

Furthermore, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed.R.Civ.P. 9(b). To satisfy this standard, plaintiffs "must, at a minimum, describe the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *United States ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 379 (4th Cir. 2008) (internal quotation marks omitted) (citing *Harrison*, 176 F.3d at 784). "These facts are often referred to as the 'who, what, when, where, and how' of the alleged fraud." *Id*. (internal quotation marks omitted) (quoting *United States ex rel. Willard v. Humana Health Plan of Tex. Inc.*, 336 F.3d 375, 384 (5th Cir. 2003)).

### III.    DISCUSSION

####    A.    Wrongful Denial of HAMP Loan Modification (Count I)

Count I of Plaintiff's complaint alleges that Defendant violated the HAMP Guidelines by denying his repeated requests for loan modifications. *See* ECF No. 2 at ¶¶ 5-21. Congress, however, "did not create a private right of action to enforce the HAMP Guidelines." *Allen v. CitiMortgage, Inc.*, No. 10-2740, 2011 WL 3425665, at *8 (D. Md. Aug. 4, 2011); *see also In re Lisier*, No. 09-17326, 2010 WL 4941475, at *2 (Bankr. D. Md. Nov 24, 2010) ("Congressional intent expressly indicates that compliance authority was delegated solely to Freddie Mac. By delegating compliance authority to one entity . . . Congress intended that a private cause of action was not permitted.") (citation omitted). Indeed, numerous courts have held that borrowers cannot sue their mortgage loan servicer for violating the HAMP Guidelines. *See e.g.*, *Legore v. OneWest Bank, FSB*, 898 F. Supp. 2d 912, 917 (D. Md. 2012); *Akinkoye v. Wells FargoHome Mortg.*, No. 11-2336, 2011 WL 6180210, at *4-5 (D. Md. Dec. 12, 2011); *Ramos v. Wells Fargo Home Mortgage*, No. 11-03130, 2012 WL 261308, at *3 (D. Md. Jan. 26, 2012) *aff'd*, 473 F. App'x 260 (4th Cir. 2012). Accordingly, Count I of Plaintiff's complaint must be dismissed.[2] Although the Court agrees with Defendant that HAMP does not create a private right of action, "this does not mean that defendants are 'wholly immunized for their conduct so long as the subject of the transaction is associated with HAMP.'" *Legore*, 898 F. Supp. 2d at 917 (quoting *Allen*, 2011 WL 3425665, at *4). State law claims may be proper vehicles for bringing

---

[2] Plaintiff appears to have abandoned Count I of his complaint by failing to address in his opposition any of the arguments raised by Defendant relating to Count I – namely, that there is no private right of action for alleged violations of the HAMP Guidelines. *See Ferdinand–Davenport v. Children's Guild*, 742 F. Supp. 2d 772, 777 (D. Md. 2010) ("By her failure to respond to [defendant's] argument" in a motion to dismiss, "the plaintiff abandons [her] claim."); *Mentch v. Eastern Sav. Bank, FSB*, 949 F. Supp. 1236, 1247 (D. Md. 1997) (holding that failure to address defendant's arguments for summary judgment in opposition brief constituted abandonment of claim).

claims associated with HAMP. *See Allen*, 2011 WL 3425665, at *5. As such, the Court will consider whether Plaintiff's two remaining state law claims survive Defendant's motion to dismiss.

### B. Violation of Maryland Consumer Protection Act (Count II)

Plaintiff's second cause of action alleges violations of the Maryland Consumer Protection Act ("MCPA"). The MCPA prohibits the commission of unfair or deceptive trade practices, which include making a "false . . . or misleading oral or written statement . . . or other representation of any kind which has the capacity, tendency, or effect of deceiving or misleading consumers." Md. Cd. § 13-301(1). To state a claim under the MCPA, Plaintiff must allege "(1) an unfair or deceptive practice or misrepresentation that (2) is relied upon, and (3) causes [them] actual injury." *Stewart v. Bierman*, 859 F. Supp. 2d 754, 768 (D. Md. 2012) (citing *Lloyd v. Gen. Motors Corp.*, 916 A. 2d 257, 277 (Md. 2007)). "Because the . . . MCPA claim sounds in fraud, it is subject to the heightened pleading standards of Federal Rule of Civil Procedure 9(b)." *Allen*, 2011 WL 3425665, at *9. Rule 9(b) states that "in alleging a fraud or mistake, a party must state with particularity the circumstances constituting the fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." *Superior Bank, F.S.B. v. Tandem Nat'l Mortg., Inc.*, 197 F. Supp. 2d 298, 313-14 (D. Md. 2000) (quoting *Windsor Assocs., Inc. v. Greenfeld*, 564 F. Supp. 273, 280 (D. Md. 1983)). Such allegations typically "include the 'time, place and contents of the false representation, as well as the identity of the person making the misrepresentation and what [was] obtained thereby.'" *Id.*

Even viewing the allegations in the light most favorable to Plaintiff (as it must), the Court still comes to the conclusion that Plaintiff has failed to allege a violation of the MCPA with sufficient particularity. At best, Plaintiff alleges that Defendant falsely and misleadingly

5

informed him that it could not review his HAMP application until he made a "substantial payment" on his loan. *See* ECF No. 2 at p. 30. But this threadbare and conclusory allegation is entirely insufficient to state a claim under the heightened pleading standard applicable to actions brought under the MCPA. Specifically, Plaintiff's allegation fails to indicate the time, place, or content of the alleged misrepresentations. *See Superior Bank*, 197 F. Supp. 2d at 313-14. Plaintiff has therefore failed to plead the requisite "who, what, where, when, why, and how" of the alleged fraudulent misrepresentations. *Coulibaly v. J.P. Morgan Chase Bank, N.A.*, No. 10-3517, 2011 WL 3476994, at *19 (D. Md. Aug. 8, 2011) *aff'd.*, 526 F. App'x 255 (4th Cir. 2013); *see also Akinkoye v. Wells Fargo HomeMortg.*, No. 11-2336, 2011 WL 6180210, *6 (D. Md. Dec. 12, 2011) (dismissing MCPA claim brought by borrower against mortgage service constructive fraud claim because the complaint fails to allege "the time, place, or content of the alleged misrepresentations"). The Court must therefore dismiss Plaintiff's MCPA claim.

    **C.**    **Constructive Fraud (Count III)**

Finally, the Court must address Plaintiff's claim for constructive fraud. In Maryland, constructive fraud "is a breach of legal or equitable duty which, irrespective of the moral guilt of the fraud feasor, the law declares fraudulent because of its tendency to deceive others, to violate public or private confidence, or to injure public interests." *Scheve v. McPherson*, 44 Md. App. 398, 406 (1979) (internal quotations omitted). Here, Plaintiff alleges that Defendant breached its "legal and equitable duty to provide the Plaintiff with residential mortgage services, including a loan modification," as well as its "duty to conduct a fair and accurate review of Plaintiff's loan modification application." ECF No. 2 at ¶¶ 34-35. Plaintiff is incorrect, however. HAMP does not create any legal duty owing from mortgage loan services to borrowers. *See Akinkoye*, 2011 WL 6180210, at *6 ("as a matter of law Defendant[] [mortgage servicer] did not owe any such

duty to [borrower] under HAMP"). Because there was no duty to Plaintiff created under HAMP, there can be no violation that forms the basis of a constructive fraud claim. The Court will therefore grant Defendant's motion to dismiss Count III. Having dismissed all three claims, Plaintiff's complaint must be dismissed in its entirety and with prejudice.[3]

## IV.   CONCLUSION

For the reasons discussed, the Court will GRANT Defendant's Motion to Dismiss, ECF No. 6.

Dated: October 21, 2014                              /S/
                                                     George Jarrod Hazel
                                                     United States District Judge

---

[3] The Court also dismisses Count II and Count III as untimely. Maryland law provides a three year statute of limitations for civil actions from the date the action accrues. *See* Md. Code. § 5–101 ("A civil action at law shall be filed within three years from the date it accrues unless another provision of the Code provides a different period of time within which an action shall be commenced."). This three year limitation applies to Plaintiff's fraud claim, *see Onwumbiko v. JP Morgan Chase Bank, N.A.*, No. 12-01733, 2012 WL 6019497, *2 (D. Md. Nov. 30, 2012), *aff'd*, 532 F. App'x 404 (4th Cir. 2013), and to Plaintiff's claim under the MCPA, *see Greene Tree Home Owners Ass'n, Inc. v. Greene Tree Assocs.*, 749 A.2d 806 (Md. 2000). Plaintiff's causes of action accrued no later than December 31, 2010. *See* ECF No. 2 at ¶¶ 17, 19. Thus, the statute of limitations for Counts II and III would have expired on December 31, 2013. Because Plaintiff did not file his suit until 2014, his complaint is untimely and will be dismissed with prejudice. The Court notes that Defendant raised this argument in its motion to dismiss (*see* ECF No. 6 at 9), and Plaintiff did not respond to it. As such, the Court considers this argument uncontested. *See Ferdinand–Davenport*, 742 F. Supp. 2d at 777.